Robert Amador, Esq. (State Bar #269168)
Centennial Law Offices
155 South First Street, #2121
Orcutt, CA. 93457
(888)308-1119 ext. 11
(888) 535-8267 fax
R.Amador@centenniallawoffices.com

Attorney for Plaintiff
VIET HUYNH

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIET HUYNH,<br><br>　　　　Plaintiff,<br>v.<br><br>S.A.R & ASSOCIATES, LLC; and DOE 1-5<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**1.) FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. 1692 et seq.)**<br><br>**2.) ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS (Cal. Civ. Code § 1788 et seq.).**<br><br>**DEMAND FOR JURY TRIAL** |

　　1.　Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq.

**JURISDICTION AND VENUE**

　　2.　This Court exercises jurisdiction under 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. This District is of proper venue as Plaintiff is a

1

resident within this District and Defendants engaged in the actions alleged herein while Plaintiff so resided.

## PARTIES

3.     Plaintiff, VIET HUYNH (hereinafter "Plaintiff" or "Mr. Huynh"), is a natural person residing in Garden Grove, California.  Defendant, S.A.R & ASSOCIATES, LLC, is a Florida limited liability company of inactive status. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants are operating under the name of S.A.R & ASSOCIATES, are debt collectors, and are responsible for the policies and procedures of the debt collection operation, including those giving rise to Plaintiff's causes of action as set forth herein. DOE 1-5 are therefore responsible for the occurrences herein alleged, and to Plaintiff for damages and/or monies owed.

5.      S.A.R & ASSOCIATES, LLC and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

6.     Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a and Cal. Civ. Code § 1788.1(c).

## FACTUAL ALLEGATIONS

7. On or about June 23, 2021, Defendants began calling Mr. Huynh in an attempt to collect a consumer debt allegedly owed by Mr. Huynh.

8. On or about June 23, 2021, Defendants called and left a computer-generated prerecorded message for Mr. Huynh, the content of which is as follows: "Hello, this message is solely for Viet Huynh. My name is Tracy Kennedy. I am with the office of SAR and Associates. We have been retained to handle multiple infractions under your name and social. If you wish to settle this matter without any further action, I strongly suggest to press one with a live agent or immediately return my call upon receipt of this message. My toll free number is 888-594-2764. Again, the number is 888-594-2764."

9. On information and belief, Plaintiff alleges that DOE 1-5 either directly caused the computer-generated prerecorded message to be left for Mr. Huynh, or that they directed another to do so with a script they wrote or otherwise authorized.

10. Defendants failed to provide Mr. Huynh with the requisite debt validation information pursuant to 15 U.S.C. 1692g(a) within 5-days of their initial communication with Mr. Huynh on or about June 23, 2021.

11. Defendants' claim that they had been " retained to handle infractions under [Huynh's] name and social [security number] was a misrepresentation as there were no such existing "infractions."

12. Mr. Huynh, concerned and harassed by Defendants' ambiguous and threatening call, retained counsel with Centennial Law Offices.

13. As a direct result of the collection activity herein alleged, legal fees in the amount of $3,655.00 have been incurred.

## CAUSES OF ACTION

### COUNT I

14. Plaintiff re-alleges paragraphs 1 through 13, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d(6) by failing to provide meaningful disclosure of their identity in a communication with Plaintiff, specifically that the communication was from a debt collector, and being made in an attempt to collect a debt.

### COUNT II

15. Plaintiff re-alleges paragraphs 1 through 13, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is

informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692e(11) by engaging in a communication with Plaintiff in which Defendants failed to disclose that the communication was from a debt collector, and that the communication was in an attempt to collect a debt.

### COUNT III

16. Plaintiff re-alleges paragraphs 1 through 13, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692g(a) by failing to provide Plaintiff with the debt validation information contemplated by 15 U.S.C. 1692g(a) within 5-days of their initial communication with Plaintiff.

### COUNT IV

17. Plaintiff re-alleges paragraphs 1 through 13, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692e, particularly subsection 1692e(10) by misrepresenting that they had been " retained to handle infractions under [Huynh's] name and social

[security number] was a misrepresentation as there were no such existing "infractions."

### COUNT V

18. Plaintiff re-alleges paragraphs 1 through 12, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated Cal. Civ. Code § 1788.11(b) by engaging in a communication with Plaintiff in which Defendants failed to disclose that the communication was from a debt collector, and that the communication was in an attempt to collect a debt.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

    1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

    2.) For statutory damages in the amount of $1,000 pursuant to Cal. Civ. Code § 1788.30(b);

    3.) For prejudgment interest in an amount to be proved at time of trial;

    4.) For attorney's fees pursuant to 15 U.S.C. 1692(k) and Cal. Civ. Code § 1788.30(c);

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## **JURY DEMAND**

Plaintiff demands a jury trial.

Date: June 23, 2022                              s/Robert Amador
                                                 ROBERT AMADOR, ESQ.
                                                 Attorney for Plaintiff Viet Huynh